[Civ. No. 1592. Second Appellate District.—May 20, 1915.]

## C. W. HARRISON, Appellant, v. ROBERT TURNER et al., Copartners, Respondents.

CONTRACTS—PROMISSORY NOTE—NON-NEGOTIABILITY—FAILURE OF PER-
FORMANCE—DEFENSE.—In this action to recover upon a contract in
the form of a promissory note it is held that the note was an in-
separable part of an agreement between the parties which constituted
it a non-negotiable instrument, and that the findings of the trial
court in favor of the defendants on their plea of failure of per-
formance on the part of plaintiff were sustained by the evidence.

APPEAL from a judgment of the Superior Court of San Bernardino County. Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

H. H. Chase, for Appellant.

Curtis & McNabb, and Walter J. Hartzell, for Respondents.

JAMES, J.—This action was brought to recover on a contract which, as set out in the complaint, was in form a promissory note. It was alleged in the answer that the contract pleaded by the plaintiff set forth only a part of the terms of an agreement made between a concern called the Retailers' Supply Company and the defendants, the whole contract being attached as an exhibit to the answer. The defendants pleaded that there had been a failure on the part of the

other parties to the contract to perform according to the terms thereof. The judgment was in favor of the defendants and the plaintiff appealed.

The appellant is the indorsee of the Retailers' Supply Company, and he urges as against the finding of the trial court that the note sued upon was negotiable in form and that no alleged equities possessed by the defendants as against their co-contractor can be urged in defense of his suit. An inspection of the entire contract executed between the parties shows to us without any question whatsoever that the alleged promissory note was an inseparable part of the entire agreement made between the parties. Read in connection with other necessary parts of the contract, the alleged note at once becomes stamped with all of the marks of a non-negotiable instrument. (Civ. Code, secs. 3087, 3088.) The contract made between the parties contemplated the carrying out of an advertising scheme, by means of a voting contest which was to have been conducted through the merchandising store of the defendants at Victorville, California. The Retailers' Supply Company was to furnish a piano and certain jewelry, posters, hand-bills, etc., and, as indicated by portions of the lengthy and involved contract, were to personally supervise the carrying on of a voting contest. One of the defendants testified that the piano agreed to be supplied, together with certain jewelry, had been received by himself and copartner, but that the jewelry had never been opened and that the piano remained in storage. He testified that the voting contest had never been held for the reason that the Retailers' Supply Company had refused to personally supervise it, and in a portion of his testimony occur these statements: "The contest referred to in this order or agreement has never been held for the reason that they agreed to personally supervise it, and they never came back and never showed up. They have never done anything at all toward it. I notified them requesting them to do so, and I notified them that I held these goods subject to their order." Under this evidence, construed in the light of the obligations assumed by the cocontractors or defendants, it is a very plain matter to resolve the decision here in favor of the judgment as entered by the trial court. It cannot be claimed that the Retailers' Supply Company could on their part enforce a contract containing mutually dependent conditions without performing the obligation by it

assumed thereunder. The findings of the trial judge are responsive to this issue. The question as to whether an actual rescission of the contract had been worked is not material, although from the testimony of defendant J. C. Turner it would appear that he had given a notice substantially announcing to the supply company that the contract would be treated as rescinded, when he testified: "I notified them that I held these goods subject to their order." The judgment as entered finds ample support in the evidence, and it is not claimed that any errors of law occurred at the trial by reason of any rulings of the judge which should be here considered.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.